**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| VINCENT PAUL YOUNG, JR., *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-08-3649 |
| § | |
| RODNEY D. VANNERSON, *et al.*, § | |
| § | |
| Defendants. § | |

**PROTECTIVE ORDER**

To facilitate discovery and protect the parties' interest in maintaining the confidentiality of trade secrets and other proprietary or personal information in certain documents and other anticipated discovery, this court enters this protective order under Federal Rule of Civil Procedure 26(c).  This court finds good cause for the entry of this Order.  The parties possess trade secrets and other proprietary business information and private personal information that may be disclosed in discovery, and discovery in this matter will not involve matters impacting public health or safety, the administration of public office, or the operation of government.

The documents and information produced in this discovery action are subject to the following terms and conditions.

    1.    <u>Definitions</u>:

        A.    "Action" means Civil Action No. 4:08-3649, in the United States District Court for the Southern District of Texas, Houston Division, and, if applicable, subsequent related proceedings.

B.  "Disclosure" or "to disclose" means to reveal, describe, summarize, paraphrase, quote, transmit, or otherwise provide or communicate to any person or entity the protected materials, whether pursuant to request, interrogatory, process, or otherwise, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

C.  "Parties" means the named parties to this action.

D.  "Third Party" means any natural person or legal entity that is not a named party.

E.  "Producing Party" means any party or third party that produces, intends to produce, or has been requested, subpoenaed, or otherwise required to produce "Confidential Material" in discovery in this action.

F.  "Receiving Party" means any party that receives "Confidential Material" in discovery in this action.

G.  "Confidential Material" means all material that a party asserts in good faith to be a trade secret, proprietary, or confidential in nature and which the party would not normally reveal to competitors, potential competitors, and/or other third parties, or which the party would cause third parties to maintain in confidence.

2.  Use of Confidential Material:

A.  Confidential Material received by a party may be used by that party and its counsel solely for purposes of this action and may not be used for any other purpose, including without limitation any business, commercial, or personal purpose.

      B.     This Order does not preclude or affect a producing party's use of its own Confidential Material for any purpose, or a party's use of any documents, materials, or information obtained independently of discovery in this action.

      C.     The parties, in conducting discovery from third parties after the date of this Order, must attach to such discovery requests a copy of this Order and a cover letter that will apprise third parties of their rights under this Order.

    3.    <u>Designation of Confidential Material</u>:

      A.     A producing party may designate material as "Confidential" or "Highly Confidential – Attorney's Eyes Only" Material by placing on the copy produced or disclosed the notation "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on each page or part of the document or record containing Confidential Material. Such a designation will constitute a good-faith representation by counsel for the producing party that the document constitutes or contains Confidential Material. Such a designation will, if practicable, be made before or contemporaneously with production or disclosure. In the case of depositions and other circumstances in which contemporaneous designation by notation is not practicable, the producing party will make the designation as soon as practicable after production or disclosure. Depositions will be designated as Confidential Material as set forth in paragraph 6.

    4.    <u>Disclosure of Confidential Material</u>:

      A.     Confidential Material may not, directly or indirectly, be disclosed or otherwise provided to anyone except:

          i.     the court and its personnel;

          ii.    the parties;

      iii.    counsel to the parties;

      iv.    clerks, paralegals, secretaries, and other persons employed by such counsel to provide litigation support regarding this action;

      v.    experts and professional consultants who have been retained by the parties' counsel and who have a need to know said Confidential Material in order to assist counsel in this litigation, including preparation for the trial;

      vi.    court reporters and deposition transcript reporters;

      vii.    any of the author(s) and recipient(s) of such Confidential Material, as indicated on the face of the document or record or as otherwise established; and

      viii.    a potential witness whose deposition is being taken, provided that witness:

          a.    has personal knowledge as to the substance of the Confidential Material and does not receive copies of the document or record;

          b.    is an expert who is designated by a producing party or who is entitled to access to such Confidential Material under the terms of this Order; or

          c.    is a designated corporate representative witness.

    B.    Counsel for the parties and/or their staff will at all times maintain physical custody and control over all Confidential Material and be responsible for ensuring that it does not leave their custody and/or is not disclosed orally.

5.    <u>Disclosure to Experts</u>:

    A.    Before disclosing or seeking to disclose any Confidential Material to any expert, counsel must determine that such disclosure is, in that counsel's good-faith judgment,

reasonably necessary to that counsel's representation of a party in this action.

        B.      Confidential Material may not, directly or indirectly, be disclosed or otherwise provided to an expert unless that expert agrees in writing:

        i.      to maintain its confidentiality;

        ii.      to return the Confidential Material and all copies to counsel as appropriate, on the conclusion of the expert's assignment or retention; and

        iii.      not to disclose such Confidential Material to anyone, except as permitted by this Order; and to use such Confidential Material and the information contained therein solely to render expert witness services to a party to this action, including providing testimony.

A party that discloses any Confidential Material to an expert must maintain a file of all executed Acknowledgments of Material Covered by Agreed Protected Order in the following form: The written Acknowledgment will state that:

> The undersigned has read the Protective Order entered in Cause No. 4:08-CV-03649, Vincent Paul Young, Jr., et al. v. Rodney Vannerson, Enos Cabell, Tom Robertson, "Three Friends" in the United States District Court, Houston Division, Harris County, Texas. The undersigned agrees that, with respect to any material disclosed to the undersigned that is designated as "Confidential" or "Highly Confidential Attorneys' Eyes Only" and all information contained therein, the undersigned shall maintain such material in strict confidence and may not disclose such material or information to any other person, or make use of such material or information, except in accordance with the terms of the Protective Order.

Unless the court orders, the party will not be required to disclose to the other party the identity of consulting experts with whom it has shared Confidential Material.

      6.     <u>Use of Confidential Material at Depositions</u>:

The portions of any deposition transcript that counsel for any party has designated on the record at the deposition as Confidential and any Confidential Material that is shown to be a deponent or marked as a deposition exhibit will be treated as Confidential Material. Notwithstanding the foregoing, all deposition transcripts are deemed confidential material for 21 days after the transcript is delivered to all parties' counsel. During that 20-day period, either party's counsel may designate via letter to all counsel, by page and line number (insofar as practicable), any portion of a deposition transcript, to the extent not previously designated, as confidential material.

      7.     <u>Challenging Confidentiality Designations</u>

In the event that any party disagrees with the designation of any item as Confidential Material under this Protective Order, that party will send a written notice to counsel specifying the item in question. The parties will attempt in good faith to resolve any disagreement over the confidentiality designation. Should the parties fail to reach agreement, the producing party may, within 21 days of receiving a written notice specifying the items in question, file a Motion to Preserve Confidential Status and seek a hearing. Any item in dispute will continue to be treated as confidential and subject to this Order until the court rules that it is not.

      8.     <u>Presentation of Confidential Material to the Court</u>:

Any party seeking to file a document or record containing Confidential Material under seal may do so by filing a motion to seal, showing good cause for the sealing.

      9.     <u>Inadvertent Disclosure of Confidential Material</u>:

Inadvertent failure to designate any material as Confidential Material pursuant to this Order will not waive an otherwise valid claim for protection.

10. <u>Inadvertent Disclosure of Work Product or Privileged Information</u>:

As set out in Rule 502 of the Federal Rules of Evidence, the production of material subject to a claim of attorney-client work-product privilege or protection does not waive a claim of privilege or protection. A producing party that mistakenly or inadvertently produces material subject to a claim of privilege or protection from discovery may, promptly on discovery of such disclosure, request that the parties receiving such material return it. A party receiving such material must use its best efforts to return all copies thereof within seven days after the request is received and the producing party serves on the receiving party a privilege log that lists the items to be returned in a manner and with sufficient detail to comply with applicable law. The party receiving such material must use its best efforts to destroy or redact any notes or summaries referring or relating to the privileged or protected information in any such material.

11. <u>Duty to Report</u>:

When any counsel of record in this action or any counsel who has executed or filed a confidentiality agreement or confidentiality undertaking becomes aware of any violation of this Order or of a confidentiality agreement or undertaking related to this action, or of facts constituting good cause to believe that such a violation may have occurred, such counsel must promptly report a violation to this court and to counsel for the producing party.

12. <u>Continuing Jurisdiction</u>:

After the conclusion of this action, the provisions of this Order will continue to be binding until further order of this court. This court retains jurisdiction over the parties and any other person who has had access to Confidential Material pursuant to this Order to enforce its provisions.

13. Conclusion of Litigation:

On the conclusion of this litigation, whether by judgment, settlement, or otherwise, counsel of record and each party, person, and entity who obtained Confidential Materials subject to this Order must assemble and return all Confidential Materials to the producing party. No originals, copies, summaries, or other embodiment of any such Confidential Materials may be retained by any person or entity to whom disclosure was made.

SIGNED on April 6, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge