IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VINCENT PAUL YOUNG, JR., *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. H-08-3649 |
| § | |
| RODNEY VANNERSON, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

Extensive litigation has occurred since this trademark case settled in April 2010. The plaintiffs filed motions to reinstate shortly after the settlement. After a series of hearings, the parties resolved their disputes over the settlement terms and a consent judgment was entered on October 14, 2010. In March 2011, the defendants filed a motion to enforce the settlement agreement. (Docket Entry No. 79). The magistrate judge to whom the case was referred at that point for pretrial case management denied that motion, without prejudice, in April 2010, and ordered the parties to take certain steps. (Docket Entry No. 87). The plaintiffs filed motions to reinstate and to add allegations that the defendants had breached the settlement agreement and committed fraud and libel in filings in the Trademark Office and Trademark Trial and Appeal Board (TTAB), (Docket Entry No. 91, 94), and objected to the order denying the defendants' motion to enforce the agreement, (Docket Entry No. 93, 95). The able magistrate judge worked diligently to respond to the motions. After a series of hearings, on June 23, 2011, the magistrate judge issued a Memorandum and Recommendation ruling that the plaintiffs had failed to show that the defendants materially breached the consent judgment and settlement agreement. The magistrate judge recommended that the

plaintiffs' motion be denied. (Docket Entry No. 100). The plaintiffs filed objections, (Docket Entry No. 101), but not until July 10, 2011, beyond the 14-day deadline. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). There was no request for leave to file objections out of time.

During the same period, the parties also filed submissions with the Trademark Office and the TTAB. But the parties also continued to progress toward what the settlement agreement and consent judgment clearly showed the parties intended: to have the right, title, and interest in the three trademark applications at issue transferred from Rodney Vannerson to Vincent Paul Young, Jr.

On February 1, 2011, the Trademark Office issued notices of allowance for all three of the applications. The TTAB dismissed the plaintiffs' opposition to the applications as moot in view of the recorded assignment of the opposed applications to the opposer, Young. On February 12, 2011, the registration of the applications was refused, the notices of allowance that had issued for each application were cancelled, and the applications were found to be abandoned. On November 8, 2011, the Trademark Office again issued notices of allowance for each of the three applications.

Under the settlement agreement and consent judgment, the issuance of the notices of allowance triggered the plaintiffs' payment obligation. On November 17, 2011, the plaintiffs sent the defendants payment under the settlement agreement and consent judgment. The plaintiffs filed the following statement with the court:

> Since the filing of the Advisory to the Court Regarding Plaintiff's Motion for Reinstatement to Claim Supplemental the following events have occurred. On November 8, 2011, the United States [P]atent and Trademark Office issued notice of allowance for the trademark applications 78786069, 78786883 and 78786073 issued in the name of Vince Young. On November 17, 2011 final payment was forwarded to the Kent Rowald Kent Rowald, 990 Village Square Drive, Suite G200, Tomball, Texas 77375 via FedEx.

On December 16, 2011, the plaintiffs filed a "cross-motion" for fees and costs, although the defendants had not filed a motion seeking fees and costs. The plaintiffs' cross-motion stated that they had offered to make the final payment due under the settlement agreement and consent judgment, but the defendants had refused to accept on the basis that they were entitled to recover additional attorney's fees, interest, and costs. (Docket Entry No. 110). According to an email sent to plaintiffs' counsel, the defendants' counsel demanded "a written agreement from you (return email will suffice) acknowledging that the payment is solely tendered to cover the amount overdue under the settlement agreement and does NOT in any way affect my clients' pending claims for the sanctions already levied or the attorney's fees and interest on the overdue payment." In the cross-motion, the plaintiffs sought a new trial under Rule 59 on relief under Rule 60)b) and reurged their motions to reinstate and to add claims for breach of contract, fraud, and libel, and to seek their attorneys' fees.

In March 2012, the defendants responded to the plaintiffs' cross-motion, stating that the payment had been due on February 2011, when the notices of allowance were first issued, and the delay breached the settlement agreement. The defendants' response also argued that the plaintiffs' efforts to have the notices set aside — efforts that succeeded from February to November 2011—had caused the defendants to incur $71,181.70 in fees after the settlement. The defendants asserted that they are entitled to recover these fees under the settlement agreement, as well as $400.00 the plaintiffs' counsel was assessed as a fine for failing to attend a hearing. (Docket Entry No. 112).

Having carefully considered the motions and responses, the record, and the applicable law, this court rules as follows:

- The motions filed by the plaintiffs to reinstate the case because the settlement agreement was breached and to add claims for breach of contract, fraud, and libel, (Docket Entries No. 91 and 94), are denied. The magistrate judge denied the motions and no objection was timely filed. On the merits, the magistrate judge's memorandum and recommendation are amply supported by the record and the applicable law and are adopted as this court's memorandum and opinion. Additionally, the facts that the notices of allowance have now been issued, and the plaintiffs have obtained the relief they sought—full ownership of the three applications—negate their allegations of breach of contract, fraud, and libel, and preclude the relief they seek, including under Rule 59 and Rule 60.

- The objections filed by the plaintiffs to the magistrate judge's memorandum and recommendation, (Docket Entries No. 93, 95), are denied as untimely and on the merits.

- The plaintiffs' cross-motion for fees and costs, (Docket Entry No. 110), is denied. The cross-motion is based on the defendants' rejection of the payment the plaintiffs tendered in November 2011 under the settlement agreement and consent judgment. To the extent the defendants' rejection is based on a reasserted or reurged motion to enforce the settlement agreement to include an additional $71,181.70 in attorney's fees and $400.00 in a fine, this court rejects the argument that the defendants are entitled to receive these fees, the fine, or interest for overdue payment. Payment was not due before November 2011, given the fact that in February 2011, the notices of allowance were issued and then cancelled, and not issued again until November. The

plaintiffs' November 2011 payment met their obligation under the agreement and consent judgment. The defendants assert that they are entitled to recover the added attorney's fees because they were the "prevailing party" in litigation "arising out of or related to the performance or nonperformance of any obligation of any Party to this Settlement Agreement." (Settlement Agreement, ¶ 13). But the defendants are not the "prevailing party" in such litigation. To the contrary, the defendants' motion to enforce the settlement agreement was denied. The parties subsequently reached another agreement that resulted in the consent judgment. The back-and-forth in the Trademark Office and TTAB is attributable to problems in the postsettlement performance of both sides. Neither side obtained rulings that make them prevailing parties in litigation over their performance under the settlement agreement. Instead, after delays and efforts that the magistrate judge, the TTAB, and this court found problematic in different ways, the defendants were finally able to accomplish in November 2011 what the settlement was intended to achieve — Young's ownership of the three applications. The plaintiffs, whose motions and positions were often unclear and difficult to understand, in response finally delivered what they had promised — payment of a certain amount when the notices of allowance were issued.

Neither side is a "prevailing party" entitled to recover postsettlement agreement fees and costs. As a result, the plaintiffs' cross-motion for fees and costs is denied because it lacks merit. The defendants' position that they are entitled to recover added fees, costs, and interest, which is the basis for their refusal to accept the amount tendered in November 2011 and their statement that they

are reasserting the previously denied motion to enforce the settlement agreement, is also without merit.

Finally, this court finds that the $400.00 fine the magistrate judge imposed on the plaintiffs need not be paid, given all the delays and the many failures to communicate that have characterized this case.

Based on these rulings, this court denies the pending motions. The consent judgment remains in place. The defendants have the payment that the settlement agreement and consent judgment required the plaintiffs to deliver. The plaintiffs have the notices of allowance that the settlement agreement and consent judgment were intended to provide. This case is resolved.

SIGNED on March 14, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge