## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| VINCENT PAUL YOUNG, JR., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3649 |
| | § | |
| RODNEY VANNERSON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND ORDER

This case was filed in December 2008. After 16 months of often confusing litigation, the parties settled in April 2010. (Docket Entry Nos. 62, 63). That settlement soon led to additional litigation. The parties settled those disputes in October 2010 and a consent judgment was entered. (Docket Entry No. 77). In the years since, the parties have continued to litigate, again taking some positions that have been difficult to understand.

Shortly after the October 2010 settlement, the parties filed motions asserting that the other side had failed to comply with the settlement agreement and consent judgment. This court referred the matter to a magistrate judge for report and recommendation. The magistrate judge issued an opinion in April 2011 denying the motions challenging performance under the settlement agreement and ordering the parties to take certain steps. (Docket Entry No. 87). The plaintiffs then moved to reinstate and add allegations to the lawsuit that the defendants not only had breached the settlement agreement but also had committed fraud and libel in filings with the U.S. Patent and Trademark Office (PTO) and with the Trademark Trial and Appeal Board (TTAB).

In June 2011, the magistrate judge issued a report and recommended finding that the plaintiffs had failed to show that the defendants materially breached the consent judgment and

settlement agreement. The magistrate judge's recommended ruling denied reinstatement. (Docket Entry No. 100). The plaintiffs filed objections to the magistrate judge's report and recommendation. The plaintiffs also filed a cross-motion for fees and costs, in which they sought a new trial under Rule 59 or relief under Rule 60(b) and reurged their motions to reinstate and to add claims for breach of contract, fraud, and libel.

In responding to that cross-motion, the defendants asserted that they were entitled to recover additional relief beyond what the settlement agreement had provided. The defendants sought over $71,000 in fees that they claimed the plaintiffs' filings before the TTAB had caused them to incur.

This court ruled on the motions by Memorandum and Order issued in March 2012. (Docket Entry No. 113). This court expressed concern that the plaintiffs' objections were untimely but nonetheless addressed and overruled them on the merits. This court's ruling was as follows:

> The motions filed by the plaintiffs to reinstate the case because the settlement agreement was breached and to add claims for breach of contract, fraud, and libel, (Docket Entries No. 91 and 94), are denied. . . . On the merits, the magistrate judge's memorandum and recommendation are amply supported by the record and the applicable law and are adopted as this court's memorandum and opinion.
>
> Additionally, the facts that the notices of allowance have now been issued, and the plaintiffs have obtained the relief they sought—full ownership of the three applications—negate their allegations of breach of contract, fraud, and libel, and preclude the relief they seek, including under Rule 59 and Rule 60.
>
> The objections filed by the plaintiffs to the magistrate judge's memorandum and recommendation, (Docket Entries No. 93, 95), are denied as untimely and on the merits.
>
> The plaintiffs' cross-motion for fees and costs, (Docket Entry No. 110), is denied. The cross-motion is based on the defendants' rejection of the payment the plaintiffs tendered in November 2011 under the settlement agreement and consent judgment. To the extent

> the defendants' rejection is based on a reasserted or reurged motion to enforce the settlement agreement to include an additional $71,181.70 in attorney's fees and $400.00 in a fine, this court rejects the argument that the defendants are entitled to receive these fees, the fine, or interest for overdue payment. Payment was not due before November 2011, given the fact that in February 2011, the notices of allowance were issued and then cancelled, and not issued again until November. The plaintiffs' November 2011 payment met their obligation under the agreement and consent judgment. The defendants assert that they are entitled to recover the added attorney's fees because they were the "prevailing party" in litigation "arising out of or related to the performance or nonperformance of any obligation of any Party to this Settlement Agreement." (Settlement Agreement, ¶ 13). But the defendants are not the "prevailing party" in such litigation. To the contrary, the defendants' motion to enforce the settlement agreement was denied. The parties subsequently reached another agreement that resulted in the consent judgment.
>
> The back-and-forth in the Trademark Office and TTAB is attributable to problems in the postsettlement performance of both sides. Neither side obtained rulings that make them prevailing parties in litigation over their performance under the settlement agreement. Instead, after delays and efforts that the magistrate judge, the TTAB, and this court found problematic in different ways, the defendants were finally able to accomplish in November 2011 what the settlement was intended to achieve—Young's ownership of the three applications. The plaintiffs, whose motions and positions were often unclear and difficult to understand, in response finally delivered what they had promised—payment of a certain amount when the notices of allowance were issued.
>
> Neither side is a "prevailing party" entitled to recover postsettlement agreement fees and costs. As a result, the plaintiffs' cross-motion for fees and costs is denied because it lacks merit. The defendants' position that they are entitled to recover added fees, costs, and interest, which is the basis for their refusal to accept the amount tendered in November 2011 and their statement that they are reasserting the previously denied motion to enforce the settlement agreement, is also without merit.

(Docket Entry No. 113, at 4–6).[1]

---

[1] For clarity, the court has made some changes to the formatting; no changes have been made to the text.

Both sides have moved for reconsideration. (Docket Entry Nos. 115, 116). A motion to reconsider is appropriately considered under Federal Rule of Civil Procedure 59(e), which allows for "[a] motion to alter or amend a judgment [that is] filed no later than 28 days after the entry of the judgment." This rule applies to a motion to reconsider a court's previous ruling based on, for example, newly discovered evidence. *See, e.g.*, *Rogers v. KBR Tech. Servs. Inc.*, No. 08-20036, 2008 WL 2337184, at *5 (5th Cir. June 9, 2008) (per curiam) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003)). Relief under Rule 59(e) is difficult to obtain. As the Fifth Circuit explains:

> A Rule 59(e) motion—which asks the court to set aside its previous judgment—"serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."

*Ewans v. Wells Fargo Bank, N.A.*, 389 F. App'x 383, 389–90 (5th Cir. 2010) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)); *accord* 11 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124–26 (2d ed. 1995). Such a motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued" or "to argue a case under a new legal theory." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

The plaintiffs make numerous procedural arguments in their motion for reconsideration. First, they argue that their objections to the magistrate judge's recommendations were timely. Second, they argue that they were entitled to a de novo review of their motion for reinstatement of their claim that the defendants had breached the settlement agreement. Third, they argue that the order referring the case to the magistrate judge for review and recommendation did not include the plaintiffs' motion to reinstate based on the defendants' alleged breach of the settlement agreement.

These arguments do not provide a basis for the relief the plaintiffs seek. This court previously considered their objections to the magistrate judge's report and recommendation on the merits, mooting the argument as to the objections' timeliness. Moreover, in considering the plaintiffs' objections on the merits, the court's review of the magistrate judge's recommendation was de novo. Finally, the argument that the magistrate judge lacked authority to review the claim that the settlement agreement had been breached is without basis. The plaintiffs agree that the district court had the authority to conduct such a review of that claim, and the district court referred the motions to the magistrate judge pursuant to 28 U.S.C. § 636.

On the merits, the plaintiffs argue that "[t]he record shows that the defendant breached the settlement agreement by not filing an assignment within 10 days as required by the contract." (Docket Entry No. 116, at 4). As the magistrate judge found, and as the record amply demonstrates, the PTO confirmed that defendant Rodney Vannerson "'assign[ed] the entire interest and the goodwill' of trademark applications 78786883, 78786073, and 78786069 to Plaintiff [Vince] Young" six days after the settlement agreement was executed. (Docket Entry No. 100, at 6). That the defendants were unable to provide confirmation of the execution until after that ten-day period does not alter the fact that, according to the PTO, the assignment occurred within the ten-day period. There was no material breach of the settlement agreement on this basis. *See Hernandez v. Gulf Grp. Lloyds*, 875 S.W.2d 691, 693 (Tex. 1994) ("In determining the materiality of a breach, courts will consider, among other things, the extent to which the nonbreaching party will be deprived of the benefit that it could have reasonably anticipated from full performance."); *see also Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 199 (Tex. 2004) (reciting factors from RESTATEMENT (SECOND) OF CONTRACTS § 241 (1981), including "the extent to which the injured party will be

deprived of the benefit which he reasonably expected").

The plaintiffs argue that the settlement agreement was materially breached when, in February 2011, the notices of allowance for the trademark applications were issued and then canceled. But the notices were reissued in November 2011 when the assignments were filed. The plaintiffs apparently were satisfied because they sent the defendants the amount specified in the settlement agreement shortly after the notices were reissued.

The plaintiffs argue that they requested a ruling on the validity of the assignments. To the extent that valid assignments were needed for the TTAB and PTO to act, the question is moot. The notices of allowance, which depended on the filed assignments, have issued. The plaintiffs assert that they want to ensure there is no fraud on the PTO through the defendants' assignments, but that issue should be raised first before the PTO, which was apparently satisfied with the assignments when it issued the notices of allowance.

The plaintiffs urge that the defendants repudiated the settlement agreement by demanding $71,000 in attorney's fees in addition to the money the plaintiffs tendered in November 2011, after the notices of allowance had issued. This court has held that the defendants were not entitled to recover the fees they demanded. And the record does not demonstrate that the defendants have repudiated the assignments, have challenged the notices of allowance, or have otherwise repudiated the settlement agreement. (*See generally* Docket Entry No. 119, at 6).

The plaintiffs also argue that the defendants' delay in filing the assignments with the PTO and the representation that they had made a "transferral of a separate business interest utilizing the trademarks" caused them damages in the form of fees required to litigate in the TTAB and "the total loss of the value of the property bargained for in the agreement." (Docket Entry No. 119, at 8).

6

There is no support in the record for this assertion. Instead, the record shows that both sides engaged in postsettlement litigation before the TTAB, and both sides incurred attorneys' fees as a result. The record shows that there has been no challenge to the validity of the assignments. The record discloses no basis for the plaintiffs' continued assertion that there is a question about the assignments' validity. The plaintiffs assert that the defendants failed to transfer a separate business interest utilizing the trademarks, but there is no explanation of what that business interest would be, considering that the trademarks have not been used to advertise or sell products in the market. There is no support for the plaintiffs' assertion that the defendants possessed or controlled a separate business interest utilizing the trademarks that should have been, but was not, transferred to the plaintiffs.

In sum, the question before this court is whether the plaintiffs are entitled to set aside the judgment in this case based on a claim that the settlement agreement was materially breached, have the case reinstated, and to try—in addition to the claims the plaintiffs initially sued on—claims for breach of the settlement agreement, fraud, and libel. The magistrate judge's recommended disposition—that the plaintiffs have not made the necessary showing that the defendants' alleged failures to comply with the settlement agreement were material breaches of that agreement, in order to set aside the settlement agreement and consent judgment and reinstate and expand the case—is supported by the record.

The defendants have also filed a motion for reconsideration. This motion reasserts the defendants' belief that they are entitled to recover over $71,000 in additional fees incurred during the postsettlement litigation, in responding to the plaintiffs' motions filed with the TTAB. This court earlier held that it would not order payment of this amount. These fees were not due under the

parties' settlement agreement and there was no basis to set aside that agreement. The defendants have demonstrated no error in this conclusion.

The settlement agreement and consent judgment remain in place. To repeat what was said before, the defendants have the payment that the settlement agreement and consent judgment required the plaintiffs to deliver. In return, the settlement agreement and consent judgment provide the plaintiffs with the notices of allowance for the trademarks that they filed this lawsuit to obtain over four years ago. There is no basis for this lawsuit to continue. *See also Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1042 (9th Cir. 2011) ("At some point, litigation must come to an end.").

Neither the plaintiffs nor the defendants have demonstrated any manifest errors, let alone any errors, of law or fact in the court's previous opinions. The magistrate judge's report and recommendation is amply supported by the record and applicable law. The parties' cross-motions for reconsideration, (Docket Entry Nos. 115, 116), are denied.

SIGNED on July 11, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge